STATE, JACOB WEART, EXECUTOR, PLAINTIFF IN ERROR, v. MAYOR AND ALDERMEN OF JERSEY CITY, DEFEND-ANTS IN ERROR.

> When a *certiorari* has been dismissed by the Supreme Court on the ground that in consequence of the laches of the prosecutor it had been improvidently granted, a writ of error will not lie from such order of dismissal.

On motion to dismiss writ of error.

For the plaintiff in error, *Jacob Weart* and *B. Gummere.*

For the defendant in error, *A. L. McDermott.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The writ of error in this case brings before this court an order of the Supreme Court dismissing a *certiorari*, on the ground that such writ had been

improvidently granted, there having been laches on the part of the prosecutor in applying for such writ.

Such an order is not reviewable in this court. The writ in this case had been granted at chambers, and when the matter came on for argument, the Supreme Court refused to decide the questions involved, on the ground that, under the circumstances, the writ ought not to have been allowed, and accordingly dismissed the proceedings.

The only difference between the case thus presented to this court and that of *State* v. *Wood*, 3 *Zab.* 560, and decided in this court, is in the feature that in that case, on an application to the Supreme Court for the allowance of the *certiorari*, the court refused its *allocatur*, while in the present instance that court dismissed the writ after it had been allowed by a justice. The reason for the refusal to allow the writ in that case and of its dismissal in this, was the same, that is, the omission of the prosecutor to apply for it opportunely. The effect of each order on the rights of the prosecutor was identical. It would be singular, therefore, if the one order could be the subject of a writ of error, and the other could not be such. In the case cited from the report of Zabriskie, it was decided by this court that the order refusing the awarding of the *certiorari* was an order resting in discretion, and therefore could not be reviewed by this court. Thus far the matter is *res adjudicata*. Is the present order of dismissal, in point of law, of a different species?

In my judgment there is no more ground for alleging that the act of dismissing the *certiorari* in view of the laches of the prosecutor in his application for the writ, is not an act of discretion, than there is for saying that the refusal of the writ for the same cause, is not such act. In each case nothing is done but the expression of an opinion that the applicant cannot have a hearing ; that being the entire scope of the discretion, whether made on the application for the remedy, or on its dismissal. When the court reviews the act of awarding the writ, it does so upon the principle of discretion, and upon no settled rule of law. Upon referring to the case above cited

of State *v.* Wood, it will be perceived that all the reasoning which led to the conclusion that the refusal of the writ was discretionary, and therefore not the subject of a writ of error, will apply, with its full force, to the present proceeding. The distinction there is accurately drawn between a judgment resting in fixed legal rules, and one that can be regulated by no other standard but the sound judgment of the court. If this court should attempt to revise the action of the court below in this case, it is evident that it could find no criterion by which to measure the propriety of such action, except the standard of its own judgment. It might, indeed, declare that, in its opinion, the Supreme Court erred in judgment, but it could not declare that any principle of law had been violated.

Let the writ of error be dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, MAGIE, PARKER, VAN SYCKEL, COLE, DODD, GREEN, LATHROP—9.

*Against*—DIXON, CLEMENT, WHITAKER—3.